J-S68038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
            Appellee   :
  :
          v.   :
  :
ANTONIO ARMOND WARNER,   :
  :
           Appellant   :   No. 435 WDA 2016

Appeal from the PCRA Order August 12, 2015,
in the Court of Common Pleas of Erie County,
Criminal Division, at No.: CP-25-CR-0003026-2008

BEFORE:    SHOGAN, SOLANO, and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:     **FILED JANUARY 12, 2017**

Antonio Armond Warner (Appellant) appeals from the August 12, 2015 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel has filed a petition to withdraw[1] and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).[2] Upon review, we affirm the order of the PCRA court and grant counsel's petition to withdraw.

---

[1] Initially, we determined that Appellant's counsel had failed to file a petition to withdraw. As such, this Court issued an order on October 21, 2016, directing counsel to file said petition with proof of service within 20 days, and counsel complied. Appellant's case is now ready for our review.

[2] Counsel has confused the required procedures for withdrawing from representation on direct appeal and withdrawing on a PCRA appeal. Direct appeal counsel seeking to withdraw from representation must comply with the requirements set forth in ***Anders*** and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). The procedural requirements set forth in ***Commonwealth v. Turner***, 544 A.2d 297 (Pa. 1998), and

*Retired Senior Judge assigned to the Superior Court.

The PCRA court summarized the facts and procedural history as follows.

> The PCRA [petition] before the [PCRA court] is presented after [Appellant's] third trial and direct appeal.[1] The charges arose on October 9, 2008 when [Appellant] entered the victim's car at around 1:00 a.m., and proceeded to threaten, beat, and repeatedly rape her until the early hours of the morning when she escaped.
>
> _____
> [1] [Appellant] was found guilty of all charges except the second charge of IDSI forcible compulsion, on July 13, 2009 after his first trial by jury and sentenced to an aggregate of 31½ to 63 years of incarceration on November 5, 2009 by the Honorable Judge Ernest DiSantis Jr. [Appellant] filed a PCRA [petition] on July 9, 2010, and was granted a new trial on December 2, 2010. [Appellant's] second trial on January 25, 2012 resulted in a mistrial.
>
> [Appellant] was charged with rape, criminal attempt of involuntarily deviate sexual intercourse ("IDSI"), IDSI, sexual assault, aggravated indecent assault, indecent assault, terroristic threats, unlawful restraint, simple assault, and theft by unlawful taking.
>
> On March 23, 2012, [Appellant] was found guilty after his third trial by jury of all charges except terroristic threats and sentenced by the Honorable Judge Ernest DiSantis, Jr. on July 11, 2012 to an aggregate of 30 to 60 years of incarceration.

PCRA Court's Notice of Intent to Dismiss, 7/20/2015, at 1-2 (some footnotes removed).

_____

_**Commonwealth v. Finley**_, 550 A.2d 213 (Pa. Super. 1998) (_en banc_), govern withdrawal by counsel from representation on PCRA appeals. _**See Commonwealth v. Wrecks**_, 931 A.2d 717, 721 (Pa. Super. 2007). However, an _**Anders**_ brief which complies substantially with the requirements of _**Turner/Finley**_ is sufficient to allow withdrawal. _**Commonwealth v. Daniels**_, 947 A.2d 795, 798 (Pa. Super. 2008).

Appellant filed *pro se* a motion for post-verdict relief July 16, 2012, which the trial court denied. Appellant appealed and this Court affirmed Appellant's judgment of sentence on September 11, 2013. ***Commonwealth v. Warner***, 1219 WDA 2012 (Pa. Super. 2013) (unpublished memorandum).

On January 15, 2015, Appellant filed a *pro se* PCRA petition. Counsel was appointed and subsequently filed a "no merit" letter and petition to withdraw as counsel on March 2, 2015.

On July 20, 2015, the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded *pro se*, setting forth several errors committed by both the trial court and Appellant's direct appeal counsel. Appellant also argued that his *pro se* PCRA petition was timely filed. Appellant's Response to Notice to Dismiss, 8/10/2015. On August 12, 2015, the PCRA court dismissed the petition without ruling on counsel's petition to withdraw. Appellant *pro se* filed a notice of appeal.[3]

---

[3] Although the PCRA court did not issue an order granting counsel's petition to withdraw when denying Appellant's PCRA petition, it acted as though it had. Future correspondences were sent directly to Appellant and not counsel, including an order for Appellant to file a statement pursuant to Pa.R.A.P. 1925. Appellant's *pro se* request for extension to file said statement was denied by the PCRA court. **See** Order of Court, 4/21/2016. As such, the PCRA court's 1925(a) opinion found all of Appellant's claims waived. Trial Court Opinion, 4/21/2016. Because no order was entered permitting counsel to withdraw, Appellant was still represented following the dismissal of his PCRA petition. Thus, subsequent orders, including the order mandating the filing of a 1925 statement, should have been sent to counsel. Due to this apparent breakdown, we decline to find waiver.

- 3 -

Before we may address the potential merit of Appellant's claims, we must determine if counsel has complied with the technical requirements of **_Turner_** and **_Finley_**.[4]

> … **_Turner_**/**_Finley_** counsel must review the case zealously. **_Turner_**/**_Finley_** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **_Turner_**/**_Finley_**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **_Turner_**/**_Finley_** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **_Turner_**/**_Finley_**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

---

[4] Counsel's brief on appeal is substandard and does not meet our requirements under **_Turner/Finley_**. However, because of the clear confusion regarding counsel's representation after the PCRA court denied Appellant's petition, we must review the record as a whole. As such, we review the **_Turner_**/**_Finley_** letter filed by counsel in the lower court to determine if counsel complied with the requirements set forth infra.

***Wrecks***, 931 A.2d at 721 (citations omitted).

After review of the whole record, we are satisfied that counsel has complied with the technical requirements of ***Turner*** and ***Finley***. Therefore, we will consider the substantive issues raised by Appellant.

"Our standard of review of a [] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

In his *pro se* PCRA petition, Appellant raises the following: (1) a ***Batson***[5] challenge; (2) a claim that the Commonwealth withheld key information and evidence vital to his defense in violation of ***Brady***;[6] and (3) a claim that the trial court abused its discretion and violated Appellant's constitutional rights by limiting Appellant's ability to present a defense and by showing bias and prejudice against Appellant. Appellant's *pro se* PCRA petition, 1/15/2015.

Notwithstanding Appellant's substantive issues, we first determine whether his PCRA petition was timely filed.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to

---

[5] ***Batson v. Kentucky***, 476 U.S. 79 (1986).

[6] ***Brady v. Maryland***, 373 U.S. 83 (1963).

this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

*Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citations and quotation marks omitted).

Instantly, Appellant was convicted on March 23, 2012. On September 11, 2013, this Court affirmed Appellant's judgment of sentence, and Appellant did not timely file a petition for allowance of appeal to our Supreme Court. Thus, Appellant's judgment of sentence became final on October 11, 2013, after the expiration of time for Appellant to file that petition. Therefore, Appellant had until October 11, 2014, to file timely a PCRA petition. [7]

The instant petition, filed on January 15, 2015, is patently untimely. The PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered to prove one or more of the three statutory exceptions to the time bar. *See* 42 Pa.C.S. § 9545(b)(1).

---

[7] Appellant filed a petition to leave to file for allowance of appeal *nunc pro tunc* with our Supreme Court, which was subsequently denied without prejudice on January 15, 2014. Our high court advised Appellant he may seek the requested relief in a PCRA petition, which Appellant did not do.

Here, neither Appellant's first nor third issue, related to his **Batson** claim,[8] and the trial court's alleged bias, meets a timeliness exception. Appellant's remaining issue, an alleged **Brady** violation, was previously litigated on direct appeal. **See Commonwealth v. Warner**, 1219 WDA 2012 (Pa. Super. 2013) (unpublished memorandum). Furthermore, even if Appellant now seeks to litigate additional issues under the guise of **Brady** that were not previously raised on direct appeal, he has failed to plead and prove that his issue meets an exception and that the information which formed the basis for his claim could not have been obtained earlier with the exercise of due diligence.

Accordingly, the PCRA court lacked jurisdiction to decide the merits of Appellant's petition. Moreover, because we agree with Appellant's counsel that no relief is due, we grant his petition to withdraw and affirm the order dismissing Appellant's PCRA petition.

Petition to withdraw granted. Order affirmed.

---

[8] Appellant had the opportunity to raise his **Batson** claim on direct appeal. Indeed, when appealing his judgment of sentence, Appellant included this claim in his 1925 statement but later abandoned this issue. **Commonwealth v. Warner**, 1219 WDA 2012 (Pa. Super. 2013) (unpublished memorandum). **See** 42 Pa.S.C. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding.").

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2017